**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF ENERGY,<br><br>Defendant. | NO.<br><br>COMPLAINT<br><br>(Freedom of Information Act, 5 U.S.C. § 552) |

## I. INTRODUCTION

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking the release of records unlawfully withheld by the U.S. Department of Energy (DOE).

2. President Trump directed DOE to adopt a protocol for preventing the retirement of coal-fired power plants across the country. To achieve this end, DOE is unlawfully using a narrow provision in Section 202(c) of the Federal Power Act. That provision allows DOE to make certain directives aimed at energy production, but only in response to periods of war and other emergencies.

3. Following the President's directive, DOE unlawfully used its Section 202(c) authority to prevent the planned retirement of a coal-fired power plant in Centralia, Washington. DOE's order threatens to increase air and water pollution in Washington State, interfere with Washington's sovereign authority, harm the reliability of Washington's electric grid, and impose millions of dollars in costs on Washington consumers. Although the order



ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744

carries significant consequences for the public, DOE provided no notice or hearing before taking this action and scant analysis for its decision that an emergency exists in the Pacific Northwest.

4. The Washington State Attorney General's Office (AGO) sent DOE a FOIA request in September 2025 and four additional FOIA requests in January 2026, seeking records about DOE's protocol and consideration of the Centralia coal plant.

5. Despite the significance of DOE's actions to the public and to Washington, DOE failed to make a determination on the AGO's FOIA requests within the time mandated by FOIA. The AGO now files this suit seeking to compel DOE to comply with FOIA and release the requested records.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

7. Venue is proper in the Western District of Washington because the AGO is located in this district. *See* 5 U.S.C. § 552(a)(4)(B).

## III. PARTIES

8. Plaintiff State of Washington is a sovereign entity and brings this action to protect its own sovereign and proprietary rights, and as *parens patriae* on behalf of its affected citizens and residents. The Washington State Attorney General is the chief legal adviser to the State of Washington. The Attorney General's powers and duties include acting in federal court on matters of public concern. *See State v. City of Sunnyside*, 3 Wash. 3d 279, 298 (2024); Rev. Code Wash. 43.10.030(1).

9. In support of the AGO's efforts to protect the public interest, as well as Washington's sovereign and proprietary interests, the AGO submitted to DOE the FOIA requests at issue in this case. *See Pub. Citizen v. U.S. Dep't of Just.*, 491 U.S. 440, 449 (1989)



ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744

(explaining that plaintiffs filing suit under FOIA need only show "that they sought and were denied specific agency records" to establish standing).

10. DOE is an agency of the United States within the meaning of 5 U.S.C. § 551(1) and is subject to FOIA pursuant to 5 U.S.C. § 552(f)(1). DOE has possession of and control over the records sought and is responsible for fulfilling the AGO's FOIA request.

## IV. LEGAL BACKGROUND

11. Under FOIA, individuals may request agency records that are not publicly available by submitting a request that reasonably describes the records sought. 5 U.S.C. § 552(a)(3).

12. If DOE receives a request that does not reasonably describe the records sought, DOE will respond to the request and "specify the reasons why the request [is not reasonably described] and will invite the requester to confer with knowledgeable DOE personnel in an attempt to restate the request or reduce the request to manageable proportions by reformulation or by agreeing on an orderly procedure for the production of the records." 10 C.F.R. § 1004.4(c)(2). A re-formulated request will be treated as an initial request for purposes of calculating DOE's time to respond. *See id*.

13. FOIA requires agencies to issue a final determination resolving a request for records within twenty business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(i); 10 C.F.R. § 1004.5(d).

14. There are few exceptions to the twenty-day deadline to respond. Agencies may make one reasonable request to the requester for information and toll the twenty-day period while it is awaiting such information or if necessary to clarify issues regarding fee assessment with the requester. 5 U.S.C. § 552(a)(6)(A)(ii); 10 C.F.R. § 1004.5(d). In either event, the agency's receipt of the requester's response ends the tolling period. *Id*.



ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744

15. FOIA also allows an agency to extend its determination deadline by 10 business days when "unusual circumstances" exist and when the agency so notifies a requester in writing. 5 U.S.C. § 552(a)(6)(B); *see also* 10 C.F.R. § 1004.5(d).

16. In limited circumstances, FOIA allows an agency to impose an "unusual circumstances" decision extension beyond 10 business days if the agency provides notice and gives the requesting party an opportunity to work with the agency to modify the request and arrange for an alternative time frame. 5 U.S.C. § 552(a)(6)(B)(ii). Under these circumstances, the agency must "make available its FOIA Public Liaison, who shall assist in the resolution of any disputes between the requester and the agency . . . ." *Id*.

17. Agencies are required to provide information about the status of a request, including "an estimated date on which the agency will complete action on the request." *Id*. § 552(a)(7)(B). DOE regulations further provide that "[i]f DOE is unable to provide a response within the statutory period, the Authorizing Official or FOIA Officer will inform the requester of the reason for the delay; the date on which a determination may be expected to be made; and the requester's right to seek remedy through the courts, but will ask the requester to forego such action until a determination is made." 10 C.F.R. § 1004.5(d)(4).

18. A FOIA requester is generally required to exhaust administrative appeal remedies before seeking judicial redress. *See Aguirre v. U.S. Nuclear Regul. Comm'n*, 11 F.4th 719, 725 (9th Cir. 2021). However, if an agency fails to make and communicate its "determination" whether to comply with a FOIA request within certain statutory timelines, the requester "shall be deemed to have exhausted his administrative remedies." 5 U.S.C. § 552(a)(6)(C)(i). A "determination" need not be the full production of documents, but at a minimum the agency must inform the requester what documents it will produce and the exceptions it will claim in withholding documents. *See Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013); *Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, 85 F. Supp. 3d 1074, 1089-90 (N.D. Cal. 2015).



ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744

## V. FACTS

### A. DOE Must Produce its Protocol to Prevent Coal Power Plants from Retiring or Converting to Natural Gas

19. Section 202 of the Federal Power Act authorizes DOE to compel power plants to generate electricity in response to times of war and other emergencies. 16 U.S.C. § 824a(c). Historically, DOE has sparingly used this narrow emergency power and, even then, at the request of utilities or grid operators facing acute power outages or natural disasters. Benjamin Rolsma, *The New Reliability Override*, 57 Conn. L. Rev. 789, 800-810 (2025).

20. On April 8, 2025, President Trump ordered DOE to expand its use of emergency powers to prevent the retirement or conversion of certain power plants. Specifically, the President ordered DOE to "streamline, systemize, and expedite" its process for issuing emergency orders to prevent grid failures. DOE was also ordered to develop a "protocol" to use its authority, including under Section 202 of the Federal Power Act, to (1) identify and "appropriately retain" power plants that DOE deems critical to electric system reliability and (2) prevent "an identified [power plant]" from retiring or converting to a different fuel source. *See* Exec. Order 14262, *Strengthening the Reliability and Security of the U.S. Electric Grid*, 90 Fed. Reg. 15521 (Apr. 8, 2025).

21. The President signed this executive order alongside another executive order, "Reinvigorating America's Beautiful Clean Coal Industry," at a White House event with members of the coal industry. At that event, the President said, "we're bringing back an industry that was abandoned" and "all those plants that have been closed are going to be opened."[1]

22. Since the President's order, DOE has used its emergency authority to prevent five coal-fired power plants from retiring or converting to natural gas.

---

[1] Adam Burke, *Trump orders coal revival, but market favors natural gas*, NPR (April 17, 2025) https://www.npr.org/2025/04/16/nx-s1-5359013/trump-orders-coal-revival-market-favors-natural-gas.



ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744

23. One of those plants is located in Centralia, Washington. The TransAlta Centralia Generation Station ("Centralia") was scheduled to retire in December 2025. However, on December 16, 2025, DOE declared an "emergency" in the Northwest and ordered Centralia to remain operational as a coal power plant.

24. For more than a decade, Washington utilities and regulators have planned for Centralia to retire at the end of December 2025. In 2011, the State of Washington and TransAlta (the owner of Centralia) signed a contract wherein Washington agreed to exempt Centralia from certain pollution controls and tax liabilities in exchange for Centralia's planned retirement as a coal plant by December 2025.

25. Utilities and their ratepayers have invested in facilities to replace the energy Centralia provided. Washington's largest utility, Puget Sound Energy, also contracted with TransAlta to convert Centralia to natural gas. Converting to natural gas would provide more efficient, effective, and affordable energy and reliability services for the electric grid than coal operations.

26. On information and belief, DOE issued the Centralia order on its own initiative. No local utility, regulator, or energy company asked DOE to use its emergency authority to keep Centralia operational to address a shortage of electricity or reliability risk.

27. On information and belief, no utility or other entity has purchased electricity from Centralia since DOE's emergency order issued.

28. Before issuing its "emergency" order, DOE provided no notice, hearing, or other information to the State of Washington or the public about its plans to keep Centralia as a coal plant.



ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744

29. On January 13, 2026, the State of Washington requested rehearing[2] and clarification of DOE's emergency order for Centralia. DOE has not, to date, substantively responded to that request.

30. DOE continues to leave Washington and the public in the dark regarding its future plans for Centralia (or any of the other coal plants it has prevented from retiring), including whether DOE plans to renew Centralia's emergency order once it expires in March or thereafter.

**B. The AGO's September FOIA Requests**

31. On September 17, 2025, the AGO sent a FOIA request to DOE, seeking to review DOE's new "protocol" and whether it had plans to prevent Centralia's retirement. The "September Request" asked for ten categories of information, but the AGO subsequently agreed to narrow the request to three categories. The request sought only records from January 20, 2025 to the date DOE processes the request. A copy of the September Request is attached as Exhibit A.

32. A complete record of the email correspondence with DOE FOIA officers is attached as Exhibit B.

33. On October 1, the government shut down, although some DOE offices continued operating during all or part of the shutdown. DOE continued to issue emergency orders during the shutdown.

34. On October 29, 2025, Jordan O'Donnell, a DOE FOIA officer, responded with numerous objections, principally that the request "is both overly burdensome and likely to be voluminous." DOE asked the AGO to "provide significant narrowed scope for the remainder of your bullet points, or try to narrow less bullet points and still provide who, where, when, etc."

---

[2] The Federal Power Act requires parties to request "rehearing" before the agency before seeking judicial review. *See* 16 U.S.C. § 825*l*(a)-(b).



ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744

35. On October 31, 2025, the AGO clarified that the time period was January 20, 2025 to the present; agreed to prioritize request numbers 1, 2, 3, and 7; and to limit the search to ten DOE program offices.

36. At DOE's request, the AGO later agreed to withdraw request numbers 4 through 10. This left only requests numbers 1, 2, and 3:

1) Any instructions to staff, communications, memoranda, or other documents that relate to the Department's protocol to identify which generation resources within a region are critical to system reliability, including all mechanisms to ensure critical resources are appropriately retained and to prevent such resources from leaving the bulk-power system, as directed by Section 3(c) of President Trump's Executive Order, *Strengthening the Reliability and Security of the United States Electric Grid* (Apr. 8, 2025),

2) Any instructions to staff, communications, memoranda, or other documents discussing the Department's protocol, process, or criteria for issuing emergency orders under Section 202 of the Federal Power Act, and

3) All e-mails, documents, or other communications that contain any reference to the Transalta Centralia Generation Station in Washington State. This includes any documents or e-mails that contain the key words "Transalta" or "Centralia."

37. On November 4, Mr. O'Donnell wrote, regarding items 1-3, that:

> Number 3 is narrow enough if you limit to less individuals searched: All communications mentioning "Transalta" or "Centralia" between January 20, 2025 – date or processing. Which individuals within the DOE? Narrowing to 10 entire offices isn't narrow enough. The search fees alone for just that portion of the request would likely be thousands of dollars.
>
> Number 1: I will check with the offices I believe have jurisdiction over this request and let you know if I need any additional clarification.
>
> Number 2: I will check with the offices I believe have jurisdiction over this request and let you know if I need any additional clarification.

Exhibit B (emphasis in original).

38. On November 6, the AGO responded that, although it could not name which DOE employees had records, DOE need only search those offices "involved in issuing

emergency orders under Section 202(c) of the Federal Power Act and/or responding to the April 8, 2025 Executive Order on grid reliability."

39. On November 12, 2025, the government shutdown ended.

40. On November 18, 2025, following several requests for updates from the AGO, Mr. O'Donnel responded that he had been delayed due to the government shutdown. However, "[n]ow that the request is narrowed and somewhat reasonably described I am working it as quickly as possible."

41. In further correspondence, DOE's FOIA officers alternated between stating that DOE need only respond to perfected, reasonably described FOIA requests, that the AGO must work with DOE to identify individual custodians before DOE would search for records, or that the request was being "processed."

42. On three separate occasions (November 6, November 17, and November 20, 2025) the AGO requested to meet with DOE to discuss the request and work towards ensuring that the request was reasonable and targeted to those with responsive records. DOE never acknowledged these requests. The AGO has never had the opportunity to confer with knowledgeable DOE personnel regarding the scope of the request and how to effectively narrow the request. In addition, the FOIA officer has never relayed any input from knowledgeable DOE personnel to assist the AGO in narrowing the request.

43. On December 16, 2025, the Secretary of DOE issued Order No. 202-25-11, ordering Centralia to remain operating as a coal plant.

44. DOE has consistently refused to provide a date when a determination would be made, stating instead that it must first wait to hear back from each of the program offices whether they had "jurisdiction" over the request.

45. On December 23, 2025, Mr. O'Donnell wrote that four offices claimed to have no records, one office (Office of General Counsel) was searching, and that the last four offices



ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744

(the Office of the Secretary, Office of the Deputy Secretary, Office of Policy, and Office of Management) had not responded.

46. On January 14, 2026, the AGO emailed Mr. O'Donnell asking for an update on the September request, including a date by which DOE would make a determination pursuant to 10 C.F.R. § 1004.5(d)(4). The AGO also sought to confirm that DOE was not asking for further clarification on the request.

47. On January 15, 2026, Mr. O'Donnell responded that DOE was still waiting to hear back from the Office of General Counsel, the Office of the Secretary, Office of the Deputy Secretary, Office of Policy, and Office of Management.

48. On January 22, the AGO emailed Mr. O'Donnell a copy of four additional FOIA requests (the January Requests) and asked for "a timely determination on these requests within the statutory timeline." The AGO also stated regarding the September Request:

> We also are still awaiting a determination on our other request. To summarize our past communications and ensure we are on the same page, we have agreed to narrow our request to just items 1, 2, and 3. Based on your representations about which offices are likely to have responsive records, our request is now limited to the Office of General Counsel, Office of the Secretary, Office of the Deputy Secretary, Office of Policy, and Office of Management. We respectfully ask that you proceed to search those five offices and make a prompt determination.

49. On January 26, Mr. O'Donnell responded: "Thank you. We are working on getting responses from those 5 offices." To the AGO's knowledge, no progress has been made on the September requests since December 23, 2025, when four of the offices communicated that they did not have responsive records. The five remaining offices have not even confirmed whether or not they have responsive records.

50. Despite numerous requests, DOE has never provided the AGO with an estimated date by which a determination will be made.

**C. Washington's January FOIA Requests**

51. On January 21, the AGO sent four additional FOIA requests to DOE. The January Requests sought records in the same three categories identified in paragraph 36, above,



ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744

as well as "All communications sent to or from AskCR@hq.doe.gov that include any of the following keywords: Centralia, TransAlta, 'Bonneville Power Administration,' BPA, or CAISO." The January Requests only sought records from January 20, 2025, to the date DOE processes the request and were limited to the Office of Cybersecurity, Energy Security, and Emergency Response. The January Requests are attached as Exhibit C.

52. Mr. O'Donnell and the AGO corresponded regarding the scope of the fourth January request (for all communications sent to or received from "AskCR@hq.doe.gov").

53. On February 12, 2026, Mr. O'Donnell stated that the other three January requests "have all been assigned to offices and are currently being searched for records."

54. On February 24, 2026, Mr. O'Donnell provided the following update for each of the four January requests:

> 01040: Program office has begun its search. Any responsive records will be returned and reviewed once the search is completed.
>
> 01016: Program office has completed its search and we're processing the potentially responsive records.
>
> 01017: Program office has begun its search. Any responsive records will be returned and reviewed once the search is completed.
>
> 01018: Program office completed its search, but the results were voluminous. You provided me narrowing parameters and we are now working to cull the potentially responsive records based on the agreed-upon parameters.

Mr. O'Donnell also provided an "estimated date of production around March 27, 2026" for 1016 and 1018, but could not provide an estimated date for the other two requests until the searches were finished.

55. As of the date of this complaint, DOE has not provided the determination that FOIA requires for the September or January Requests.



ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Violation of FOIA – Failure to Issue Determination for September Request
### 5 U.S.C. §§ 552(a)(6)(A)-(B), (a)(7)(B); 10 C.F.R. § 1004.4(c)(2).

56. The AGO realleges and incorporates by reference each of the allegations set forth in the preceding paragraphs.

57. The AGO, through its FOIA request dated September 17, 2025, properly asked for records within DOE's control.

58. FOIA requires that within 20 working days upon receipt of a FOIA request, an agency must determine whether responsive documents exist and whether it will release them. 5 U.S.C. § 552(a)(6)(A); *see also* 10 C.F.R. § 1004.5(d)(1).

59. The AGO significantly narrowed the September Request in response to DOE's concerns. The September Request was reasonably defined no later than December 12, 2025, when DOE agreed to search the identified offices for requests 1, 2, and 3. The statutorily mandated twenty business days to make a determination therefore expired no later than January 15, 2026.

60. By failing to timely make a final determination whether documents responsive to the September Request exist, DOE has violated FOIA's mandate to provide a final determination within statutory deadline. *See* 5 U.S.C. § 552(a)(6)(A)(i), (a)(6)(B).

61. DOE also has not provided an estimated date when it will complete action on the September Request pursuant to 5 U.S.C. § 552(a)(7)(B) and 10 C.F.R. § 1004.5(d)(4).

62. The AGO has exhausted the applicable administrative remedies with respect to DOE's failure to make a final determination regarding the September Request within FOIA's deadline for making a determination, 5 U.S.C. §§ 552(a)(6)(C).



ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744

**SECOND CLAIM FOR RELIEF**
**Violation of the Freedom of Information Act – Failure to Issue Determination for January Requests**
**5 U.S.C. §§ 552(a)(6)(A)-(B), (a)(7)(B); 10 C.F.R. § 1004.4(c)(2).**

63. The AGO realleges and incorporates by reference each of the allegations set forth in the preceding paragraphs.

64. The AGO, through four FOIA requests dated January 21, 2026, properly asked for records within DOE's control.

65. DOE has not produced any records to the AGO in response to the January Requests or made any claims of statutory exemption. Nor has DOE sought to extend its determination deadline pursuant to FOIA's "unusual circumstances" provision. 5 U.S.C. § 522(a)(6)(B).

66. DOE has not provided a determination on the January Requests.

67. DOE also has not provided an estimated date when it will complete action on two of the four January Requests pursuant to 5 U.S.C. § 552(a)(7)(B).

68. The AGO has exhausted the applicable administrative remedies with respect to DOE's failure to make a final determination regarding the AGO's request within the determination deadlines imposed by FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i), (B).

**THIRD CLAIM FOR RELIEF**
**Violation of the Freedom of Information Act – Failure to Produce Records Responsive to the September Request**
**5 U.S.C. §§ 552(a)(3), (a)(4)(B)**

69. The AGO realleges and incorporates by reference each of the allegations set forth in the preceding paragraphs.

70. The AGO's September Request properly asked for records within DOE's control.

71. DOE has not produced any records to the AGO in response to its September Request or made any claims of statutory exemption.


ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744

72. DOE further violated FOIA by failing to conduct searches reasonably calculated to locate the requested records, and promptly provide records, or reasonably segregable portions of lawfully exempt responsive records, in response to the September Request.

**FOURTH CLAIM FOR RELIEF**
**Violation of the Freedom of Information Act – Failure to Produce Records Responsive to the January Requests**
**5 U.S.C. §§ 552(a)(3), (a)(4)(B)**

73. The AGO realleges and incorporates by reference each of the allegations set forth in the preceding paragraphs.

74. The AGO's January Requests properly asked for records within DOE's control.

75. DOE has not produced any records to the AGO in response to its January Requests or made any claims of statutory exemption.

76. DOE further violated FOIA by failing to conduct searches reasonably calculated to locate the requested records, and promptly provide records, or reasonably segregable portions of lawfully exempt responsive records, in response to the January Requests.

## VII. PRAYER FOR RELIEF

The AGO respectfully requests that this Court:

1. Declare DOE's failure to timely make a determination on the AGO's September and January FOIA requests unlawful under 5 U.S.C. § 552(a)(6)(A)(i);

2. Order DOE to process and release immediately all records responsive to the AGO's September and January FOIA requests at no cost to the AGO;

3. Retain jurisdiction of this action to ensure the processing of the AGO's FOIA requests and that no agency records are wrongfully withheld;

4. Award the AGO its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

5. Grant such other and further relief as the Court may deem just and proper.



ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744

DATED this 3rd day of March, 2026.

NICHOLAS W. BROWN
Attorney General of Washington

*/s/ Megan Sallomi*__
MEGAN SALLOMI
Assistant Attorney General
Environmental Protection Division
Washington Office of the Attorney General
800 5th Avenue, Suite 2000
Seattle, WA 98104
206-389-2437
Megan.Sallomi@atg.wa.gov